**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KRW INVESTMENTS, INC. | ) | Case No: 19-04264-swd |
| | ) | |
| Debtor. | ) | Chapter 11 – Filed 10/08/19 |
| | ) | |
| | ) | Honorable Scott W. Dales |
| _____ | ) | |

**ORDER AUTHORIZING (I) THE SALE OF THE MISCELLANOUS PERSONAL PROPERTY OF THE DEBTOR'S FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND OUTSIDE THE ORDINARY COURSE OF BUSINESS; (II) APPROVING TERMS AND CONDITIONS OF AGREEMENT WITH RM SOTHEBY'S; AND (III) GRANTING RELATED RELIEF**

This matter came on the Motion of Kelly M. Hagan, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), to sell the Debtor's miscellaneous personal property free and clear of liens, claims, interests and encumbrances and outside the ordinary course of business under 11 U.S.C. § 363(b), approve terms and conditions of an Agreement with RM Sotheby's, and grant other related relief (the "**Motion**")[1].

The Court, having reviewed and considered the Motion, any objections thereto delivered to the Court in connection with the hearing on the Motion, and having determined that due, proper, timely, adequate and sufficient notice and opportunity to be heard with respect to the Motion and all of the relief requested therein has been afforded to interested parties, finds that the relief requested in the Motion is necessary, appropriate and in the best interests of the bankruptcy estate, creditors and other interested parties. Based on the arguments of counsel, moving documents and the Court's findings of fact and conclusions of law, if any,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the verified motion filed in connection herewith or in the Bankruptcy Code unless the context requires otherwise.

IT IS HEREBY FOUND, DETERMINED AND ORDERED THAT:

1. The Motion to sell the Auction Items in the Collection free and clear of liens, claims, encumbrances and interests and outside the ordinary course of business pursuant to 11 U.S.C. § 363(b) is in all respects GRANTED, subject to the terms set forth herein.

2. Any and all objections to the Motion, and the relief requested, are hereby overruled.

3. The Agreement and the transactions set forth therein and contemplated thereby (i) are approved in all respects, subject to the terms set forth herein; (ii) are fair and reasonable; (iii) provide a benefit to the bankruptcy estate and parties in interest in the case; and (iv) will preserve and maximize the value of the Debtor's estate for the benefit of creditors.

4. The Chapter 11 Trustee is fully authorized and empowered to perform its obligations under the Agreement and such other documents and agreements contemplated thereby or entered in connection therewith. No third-party consents or approvals, other than those expressly provided for in the Agreement or in this Order, are required for the Chapter 11 Trustee to consummate such transactions.

5. The Chapter 11 Trustee and RM Sotheby's are each authorized and empowered to sell the Auction Items in accordance with the terms of the Agreement as more fully described in the Motion and in accordance with the terms of this Order, and, in connection therewith, are each entitled to rely upon the provisions of this Order in all respects.

6. The transfer of the Auction Items to a Buyer constitutes and shall constitute a legal, valid and effective transfer, assignment, sale and conveyance of such Auction Items and shall vest a Buyer with all right, title (which shall be good, clear and marketable) and interest in such Auction Items.

7. Pursuant to Section 363(f) of the Bankruptcy Code, the items comprising the Auction Items of the Collection shall be transferred to a Buyer free and clear of any and all liens, claims, encumbrances and interests of any kind or nature whatsoever, including the marital interest of Nancy Khan, and all such liens, claims, encumbrances and interests shall attach to the Net Proceeds of the sale with the same validity, priority, dignity and effect and to the same extent that existed immediately prior to the consummation of the sale and in all cases subject to any and all rights, claims and defenses that the Chapter 11 Trustee, the bankruptcy estate, or any interested party may have with respect thereto.  Subject to the foregoing, this Order shall be effective as a determination that any and all liens, claims, encumbrances and interests of any kind or nature whatsoever existing with respect to the bankruptcy estate or the Auction Items are and forever shall be unconditionally released, discharged, extinguished and terminated upon the transfer of an Auction Item to a Buyer

8. Notwithstanding section 9.1 of the Agreement, RM Sotheby's shall (a) hold the Sale Proceeds in segregated accounts, in trust for the benefit of the applicable bankruptcy estate, and (b) disburse such Sale Proceeds to the Chapter 11 Trustee within 20 business days after the Auction, provided that the purchase price(s) and fees have been received by RM Sotheby's in accordance with the terms of the Agreement.

9. The Chapter 11 Trustee is authorized and directed to escrow the Sale Proceeds according to the following terms (the "**Escrow Agreement**"):

- The Chapter 11 Trustee will escrow the sale proceeds delivered to the Chapter 11 Trustee pursuant to section 9.1 of the Agreement (the "**Sale Proceeds**");

- The Chapter 11 Trustee will use a segregated account at Pinnacle Bank (the "**Segregated Account**") for the sole purpose of holding the Sale Proceeds and any other funds ordered by the Court to be held in the Segregated Account; and

- The Chapter 11 Trustee will not be permitted to use the Sale Proceeds in the Segregated Account for any purpose absent consent of Key Bank.

10. All persons and entities, including but not limited to, all holders of debt instruments, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding claims or interests of any kind or nature whatsoever against the bankruptcy estate or the Collection (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the bankruptcy estate or the Collection, are forever barred, estopped, and permanently enjoined from asserting against any Buyer, its affiliates, successors or assigns, its property or any item(s) acquired by such Buyer in the Collection, each such person's or entities claims and interests.

11. The Chapter 11 Trustee is authorized and empowered to execute and deliver any agreements or documents, and are authorized and empowered to perform under, consummate and implement the Agreement and all other documents and agreements contemplated thereby or entered in connection therewith, together with all additional instruments and documents that the Chapter 11 Trustee deems necessary or appropriate to implement the Agreement and to effectuate the sale(s) of the Auction Items, and to take such other actions as may be reasonably necessary or desirable for the purpose of assigning, transferring, granting, conveying and conferring to any Buyer or reducing to its possession, any Auction Item in the Collection, or as may be necessary or appropriate for the performance of the obligations and transactions contemplated by the Agreement.

12. Any and each Buyer of an Auction Item is and shall be deemed to be a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is and shall be entitled to all of the protections afforded thereby. In the absence of a stay pending appeal, any and each

Buyer will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing on the sale of any Auction Item at any time after entry of this Order, notwithstanding the provisions of Bankruptcy Rule 6004(h).

13. This Order shall be binding in all respects upon all creditors of and holders of claims and equity interests in the bankruptcy estate (whether known or unknown) and shall inure to the benefit of the bankruptcy estate and all applicable successors and assigns and any subsequent trustees appointed upon a conversion of the Cases to chapter 7 of the Bankruptcy Code. This Order and matters and approvals set forth herein shall be continuing and shall be deemed approved and effective in any subsequently converted case without the necessity for further application and order.

14. RM Sotheby's shall file an auction report as required by Bankruptcy Code 6004(f); provided, however, such report need not identify the prevailing bidders by name. RM Sotheby's shall inform the Chapter 11 Trustee and his counsel, KeyBank and its counsel, the United States Trustee, and the Committee's counsel of the identities of the prevailing bidders wherein KeyBank and its counsel, the United States Trustee and the Committee's counsel agree not to release the names of the prevailing bidders unless required to do so by court order.

15. Notwithstanding sections 2.3 (transportation or consignment of vehicles) and 6.1 (reserves for Jaguar Continuation Cars) (to the extent this section applies) of the Agreement, the Chapter 11 Trustee shall consult with KeyBank National Association with respect to any future agreements with RM Sotheby's contemplated by such sections of the Agreement.

16. Notwithstanding section 9.3 (financed sales) of the Agreement, the Chapter 11 Trustee shall file with the Court a separate motion (on an emergency basis, if necessary) seeking approval of any proposed financed sales contemplated by such section of the Agreement.

17. Notwithstanding sections 9.4 (less-than-hammer sales) and 10.2 (post-auction vehicle sales) of the Agreement, the Chapter 11 Trustee will be authorized to close on a sale of an Auction Item (after conclusion of the Auction) for less than the Hammer Price only if (A) such sale generates Sale Proceeds of at least 80% of the Hammer Price or (B) this Court enters a separate order authorizing such sale. Such sale pursuant to this paragraph shall be a "sale" as defined in section 9.2. For the avoidance of doubt, if during the Auction there is a material issue that reasonably could result in RM Sotheby's not receiving payment from the winning bidder, the Chapter 11 Trustee may (after consulting with KeyBank) direct RM Sotheby's to re-run the Motor Car(s) or Any Other Lot(s). Re-run means, canceling the winning bid that will not be paid and re-entering the Motor Car(s) or Any Other Lot(s) in the Auction while the Auction is still in process.

18. Notwithstanding anything in the Agreement or otherwise, no party shall be permitted to credit bid at the Auction.

19. The Chapter 11 Trustee will not add any additional vehicles to the auction without providing notice to Nancy Khan.

20. Notwithstanding Fed. R. Bankr. P. 6004(h), this Order shall take effect immediately upon entry.

**END OF ORDER**

*Approved for entry:*

/s/ Emily S. Rucker
Warner Norcross & Judd LLP
Attorneys for Nancy Khan

/s/ John Sulman
RM Sothebey's

/s/ Alan Lepene
Thompson Hine LLP
Attorneys for KeyBank

/s/ Michael v. Maggio
UST Region 9

*Order prepared and submitted by:*

Kevin M. Smith(P48976)
Beadle Smith, PLC
445 S. Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094
(248) 650-6095 (fax)
ksmith@bbssplc.com

**IT IS SO ORDERED.**

**Dated January 9, 2020**



_____
Scott W. Dales
United States Bankruptcy Judge